UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                        Chapter 13
Donna Mae Racette and
David A. Racette,                                            Case No. 06-21398-svk
        Debtors.

DECISION AND ORDER DENYING MOTION TO STRIKE CASE

      This venture is Donna and David Racette's (the "Debtors") fourth into bankruptcy court, but the issue is whether this is their fourth bankruptcy case. The Debtors filed a chapter 7 case on March 27, 1998 and received a discharge on July 1, 1998. They filed another chapter 7 case on April 27, 2005 and were discharged from their debts on August 12, 2005. They filed a chapter 13 petition on January 6, 2006 under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). After that case was dismissed, they filed another chapter 13 case on April 4, 2006, and moved to strike (as opposed to dismiss) the January 6, 2006 petition as a "nullity," because they had not received a pre-petition credit briefing as required by BAPCPA.

      The pre-petition briefing requirement is found in § 109 of the Bankruptcy Code entitled "Who may be a Debtor." Section 109(h)(1) provides in pertinent part:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Bankruptcy Code § 521(b)(1) requires the debtor to file a certificate from the agency that provided the credit briefing under § 109(h). Interim Bankruptcy Rule 1007(c) states that the certificate required under § 521(b)(1) must be filed "with the petition."

      Section 109(h)(3) of the Bankruptcy Code allows a debtor to obtain a temporary exemption from filing the credit briefing certificate:

> (A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that–
>
>     (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.
>
> (B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

Bankruptcy Code § 109(h)(4) provides a complete exemption from the briefing requirement if the debtor is incapacitated, disabled or in active military duty in a combat zone.

The Debtors did not seek any exemption from the § 109(h) briefing. Rather, on the face of their January 6, 2006 petition, the Debtors, who were represented by counsel, checked a box that states: "I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition." In fact, this box is directly below Exhibit B, the portion of the petition signed by the Debtors' attorney, in which the attorney stated that he delivered to the Debtors the notice required by § 342(b) of the Bankruptcy Code. The Notice, which is signed by the Debtors, states in Part 1:

> **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

(Emphasis in original).

At the meeting of creditors held on February 17, 2006, the chapter 13 trustee learned that, contrary to their representation in the petition, the Debtors had not received a pre-petition credit briefing. On March 2, 2006, the Trustee moved to dismiss the case for the Debtors' failure to obtain the briefing. On March 15, 2006, the Debtors filed a certificate for Donna Racette, stating that she had received a briefing on February 20, 2006 (the 45th day after the petition was filed). No certificate was ever filed for David Racette in the January 2006 case. On March 31, 2006, the Debtors' mortgage creditor filed a Motion for Relief from Stay contending that no mortgage payments were made in February or March.

At a hearing held on April 4, 2006 on the Trustee's Motion to Dismiss, the Debtors' attorney stated that they had now obtained the briefing and asked the court not to dismiss the case. The Trustee argued that the plain language of the statute required dismissal. The court ruled that the Trustee's Motion to Dismiss should be granted because the Debtors did not either obtain the briefing prior to January 5, 2006, or file a certification to obtain a temporary or permanent exemption. On April 5, 2006, the court entered an Order dismissing the case effective April 4, 2006. Also on April 5, 2006, the mortgage creditor withdrew the Motion for Relief from Stay. No reason was given for the withdrawal of the Motion for Relief from Stay.

On April 4, 2006, the Debtors filed the present case, with a new attorney. A certificate of credit briefing was filed for both Debtors, indicating that they received the required briefing on February 20, 2006. The Debtors filed a Motion asking the court strike the prior 2006 petition, arguing that because they were not eligible to be debtors under § 109(h) on January 6, 2006, no case was "commenced." The Debtors have not explained why they checked the box indicating that they **had** received the required briefing and why they signed a notice explaining in clear language that a pre-petition briefing was required.

Although the Debtors' theory of striking the petition rather than dismissing the case has found limited acceptance, especially in the earliest days of BAPCPA, *see, e.g., In re Hubbard*, 333 B.R. 377 (Bankr. S.D. Tex. 2005), most of the courts who have considered the issue have ruled that the case should be dismissed rather than declared a nullity. *In re Taylor*, 2006 Bankr. LEXIS 689 (Bankr. N.D. Cal. 2006); *In re Tomco*, 339 B.R. 145 (Bankr. W.D. Pa. 2006); *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006).

The majority view is the better reasoned. Although the credit briefing requirement is new, § 109 has been part of the Bankruptcy Code since its enactment in 1978, and for the most part, debtors who failed to meet eligibility requirements under prior law had their cases dismissed, not declared nullities. *See Jones v. United States (In re Jones)*, 134 B.R. 274, 280-281 (N.D. Ill. 1991) (§ 109(e) is not jurisdictional, but only refers to eligibility). Also, BAPCPA created a new exception to the automatic stay, § 362(b)(21), to clarify that the stay does not apply to the enforcement of a mortgage lien "if the debtor is ineligible under section 109(g)." If an ineligible debtor's petition did not result in a case, presumably there would be no automatic stay, and no need for this stay exception. This new exception strongly suggests that a case has indeed been commenced by an ineligible debtor.

Perhaps the most compelling reason to dismiss the case rather than strike the petition is the confusion that would ensue. In every instance, creditors would be required to investigate whether the debtors obtained appropriate pre-petition briefings. Unlike simply confirming whether a bankruptcy case has been filed, this investigation could not be conducted by telephone. Rather, the creditor would need to access the court docket and look for an appropriate certificate. If no certificate appears on the docket, the creditor could assume that the petition was a nullity and proceed with foreclosure or repossession. However, the certificate could be misfiled, or the debtor could have requested an exemption. The careful creditor would file a protective motion for relief from stay, rather than make its own decision as to the debtor's eligibility for bankruptcy relief. If the petition is later stricken, the creditor, the trustee and the court all will have expended time and effort in addressing an unnecessary, ineffective motion.

3

Even assuming that no motions are filed in the case, if the court strikes the petition as a nullity, should the filing fee be returned to the debtor? In a chapter 7 case, would the panel trustee be required to disgorge his or her fee for administering a case in which the petition is later stricken? None of these scenarios makes sense, especially in a case like this, where the Debtors, represented by counsel, misrepresented their eligibility to file their case by checking the box stating that they had received the required briefing session.

In their brief, the Debtors liken their omission to a "technical error" or "inadvertent mistake" such as sending the wrong certificate with the petition or electronically filing the same case twice in error. Checking a box stating "I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition," when in fact they had not, is not such an excusable, harmless mistake. As a result of this misrepresentation, the Debtors' case was fully administered for almost 90 days: a Trustee was appointed; the § 341 meeting was scheduled, and creditors were notified; the court issued an order requiring the Debtors to begin plan payments; a Motion for Relief from Stay was filed, and the meeting of creditors was conducted. In short, all parties in interest treated the case as a case, not a nullity. There is simply no comparison to a case accidentally filed twice because of a mistake in navigating the electronic filing system.

The Debtors want the petition stricken because they are concerned about the effect that two cases will have on their ability to refinance their mortgage. Presumably the Debtors can explain the problem with their first BAPCPA case to the credit reporting agencies and prospective lenders. A review of the case law confirms that there have been no shortage of misunderstandings and errors with the new law. The Debtors also wish to avoid the operation of Bankruptcy Code § 362(c)(3). Under that section, unless the court grants an extension, the automatic stay under § 362(a) "with respect to a debt or property securing such debt or with respect to any lease" will terminate 30 days after the petition in a case filed within a year after dismissal of the debtor's first case. If this court strikes the petition, the Debtors argue that their first case would not count, and § 362(c)(3) would not apply. The Debtors' concerns do not outweigh all the mischief that could be inflicted on creditors, trustees and courts by adopting a policy of striking the petitions of ineligible debtors. And being required to file a motion to seek to continue the stay under § 362(c)(3) in their new case may be an appropriate price to pay for the Debtors' apparent carelessness in reviewing their bankruptcy petition and the § 342(b) notice in the prior case.

For all of the foregoing reasons, the Debtors' Motion to Strike the petition in Case No. 06-20055 is denied.

Dated: May 17, 2006

By the Court:

*Susan Kelley*

Susan V. Kelley
U.S. Bankruptcy Judge